# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

No. 13-796V
Filed: January 30, 2017
[Not to be published]

```
* * * * * * * * * * * *
KATHLEEN HARMAN,              *
                              *          Special Master Gowen
              Petitioner,     *
     v.                       *
                              *
                              *          Dismissal; Influenza ("Flu")
                              *          Vaccine; Systemic Toxicity Injuries
SECRETARY OF HEALTH           *
AND HUMAN SERVICES,           *
                              *
              Respondent.     *
* * * * * * * * * * * *
```

Michael A. Baseluos, San Antonio, TX, for petitioner.
Anne D. Martin, United States Department of Justice, Washington, DC for respondent.

## DECISION[1]

On October 15, 2013, Kathleen Harman ("petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program.[2] Petitioner alleged that as a result of receiving an influenza ("flu") vaccine on October 15 or 16, 2010, she developed systemic toxicity injuries. Petition at Preamble. The information in the record, however, does not show entitlement to an award under the Program. On January 27, 2017, petitioner moved for a dismissal decision. Motion for a Decision, filed Jan. 27, 2017.

Petitioner states that "[a]n investigation of the facts and science supporting her case has demonstrated to petitioner that she will be unable to prove that she is entitled to compensation in the Vaccine Program." Motion for a Decision, filed Jan. 27, 2017, at 1. Petitioner states that she "understands that a decision by the Special Master dismissing her petition will result in a

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to delete medical or other information, that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 et seq. (hereinafter "Vaccine Act" or "the Act"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

1

judgment against her," and "has been advised that such a judgment will end all of her rights in the Vaccine Program." Id.  Respondent does not oppose petitioner's motion.

To receive compensation under the Program, petitioner must prove either (1) that she suffered a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table—corresponding to the vaccination, or (2) that she suffered an injury that was actually caused by the vaccination. See §§ 13(a)(1)(A) and 11(c)(1).  An examination of the record did not uncover any evidence that petitioner suffered a "Table Injury," nor does petitioner allege that she suffered a "Table Injury."  The record does not contain any persuasive evidence indicating that petitioner's alleged injuries were caused by the flu vaccine.  Under the Vaccine Act, petitioner may not be given a Program award based solely on the petitioners' claims alone.  Rather, the petition must be supported by either medical records or by the opinion of a competent physician.  § 13(a)(1).  Petitioner claimed a significant array of symptoms and medical events that occurred shortly after vaccination, but despite diligent efforts by two different attorneys and on her own, petitioner was unable to find or produce supportive expert testimony to causally link her medical events to the vaccination in question.

Accordingly, it is clear from the record in this case that petitioner has failed to demonstrate that she suffered a "Table Injury" or that the injuries were "actually caused" by the flu vaccination.  **Thus, this case is dismissed for insufficient proof.  The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

/ **Thomas L. Gowen**
Thomas L. Gowen
Special Master