# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 13-796V
Filed: March 15, 2017

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | | UNPUBLISHED |
| KATHLEEN HARMAN, | * | |
| | * | Special Master Gowen |
| Petitioners, | * | |
| | * | |
| v. | * | Attorneys' Fees and Costs; |
| | * | Reasonable Basis |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * * | | |

Michael A. Baseluos, San Antonio, TX, for petitioner.
Ann D. Martin, United States Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On October 15, 2013, Kathleen Harman ("petitioner") filed a petition *pro se* pursuant to the National Vaccine Injury Compensation Program.[2]  42 U.S.C. §§ 300aa-1 to 34 (2012). Petitioner alleged that as a result of receiving an influenza ("flu") vaccine on October 15 or 16, 2010, she developed systemic toxicity injuries.  Petition at Preamble.  Attorney Sean Greenwood was substituted as petitioner's counsel on November 20, 2013.  Following unsuccessful efforts to obtain an expert report, Mr. Greenwood withdrew from the case on May 18, 2015.  Petitioner proceeded *pro se* until April 19, 2016, when attorney Michael Baseluos was substituted as petitioner's attorney.  On petitioner's motion, a Decision dismissing the petition for insufficient proof was issued January 30, 2017.  Petitioner filed a motion for attorneys' fees and costs on

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)).  As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party:  (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy."  Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act).  All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

1

February 21, 2017. Petitioner's motion for final attorneys' fees and costs requests $8153.50 in attorneys' fees and $3,549.95 in attorneys' costs, for a total request of $11,703.45 in attorneys' fees and costs. Pet. Mot. at 2. In accordance with General Order #9, petitioner states that she did not incur any costs in this matter. Pet. Mot., Supplement ("Supp.") B, Attachment ("Att.") 2. Petitioner also requests the fees and costs for petitioner's former attorney, Mr. Greenwood, as set forth in the August 30, 2016, interim fee motion, ruling on which was deferred until the conclusion of the case. Pet. Mot. at 2. Mr. Greenwood requests $14,657.50 in attorneys' fees and $2,631.02 in attorneys' costs, for a total request of $17,288.52 in attorneys' fees and costs. Pet. Interim Mot., Att. 1, at 1. Respondent filed a response on March 7, 2017, stating that respondent "recommends that the Special Master exercise his discretion and determine a reasonable award for attorneys' fees and costs." Respondent's ("Resp.") Response at 3 (internal footnote omitted).

## I.     Good Faith and Reasonable Basis

Section 15(e) of the Vaccine Act governs attorneys' fees. 42 U.S.C. § 300aa-15(e). When awarding compensation on a petition, the special master "shall also award" reasonable attorney's fees and costs. Id. at §15(e)(1)(A)-(B). Even when compensation is not awarded, the special master "may award" reasonable attorneys' fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." Id. at § 15(e)(1).

In his response, respondent states that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case," and the undersigned finds that the case was brought in good faith and had a reasonable basis. Resp. Response at 3. "Good faith" is a subjective standard and petitioners are entitled to a presumption of good faith. Hamrick v. Sec'y of Health & Human Servs., No. 99-683V, 2007 WL 4793152, at *3 (Fed. Cl. Spec. Mstr. Nov. 19, 2007); Grice v. Sec'y of Health & Human Servs., 36 Fed. Cl. 114, 121 (1996). With regard to reasonable basis, the Court of Federal Claims has held that the statutory language of 42 U.S.C. § 300aa-15(e)(1)(B) grants the special master "maximum discretion in applying the standard." Silva v. Sec'y of Health & Human Servs., 108 Fed. Cl. 401, 402 (Fed. Cl. 2012). Many special masters and Court of Federal Claims judges have determined that the reasonable basis requirement is an "objective consideration determined by the totality of the circumstances." McKellar v. Sec'y of Health & Human Servs., 101 Fed. Cl. 297, 303 (Fed. Cl. 2011); Chuisano, 116 Fed. Cl. at 286. In determining reasonable basis, the court looks "not at the likelihood of success, but more to the feasibility of the claim." Di Roma v. Sec'y of Health & Human Servs., No. 90-3277V, 1993 WL 496981, at *1 (Fed. Cl. Spec. Mstr. Nov. 18, 1993). Petitioner must furnish "some evidence" supporting the claims in the petition, but the evidentiary showing required is less than a preponderance of the evidence. Chuisano v. Sec'y of Health & Human Servs., No. 07-452V, 2013 WL 6234660, at *1, *13 (Fed. Cl. Spec. Mstr. Oct. 25, 2013).

Based on the totality of the circumstances, I find that a reasonable basis existed throughout the pendency of this petition. Petitioner's list of alleged vaccine-related symptoms was lengthy, but based on petitioner's affidavit and medical records, it did appear that petitioner experienced flu-like symptoms in close temporal proximity following her vaccination. Petitioner visited the emergency department on October 17, 2010, with complaints of "flu like symptoms." Pet. Ex. 3 at 3. The record stated that "[s]ome of her symptoms were likely reaction from flu

vaccination," and she was diagnosed with a urinary tract infection.  Id.  On October 28, 2010, petitioner visited her primary care physician, Dr. Kristyn Fagerberg, with ongoing complaints of fever, nausea, headache, and oliguria, and the assessment was "likely rxn to flu shot."  Pet. Ex. 4 at 1.  Dr. Fagerberg completed a VAERS report describing petitioner's fever, child, nausea, headaches, rash, decreased appetite, and oliguria, starting approximately two days after receiving the flu shot.  Pet. Ex. 6.  Thus, petitioner's medical records contained some evidence that petitioner experienced an adverse reaction as a result of her vaccination.  For a petition to have a reasonable basis, petitioner must furnish "some evidence" supporting the claims in the petition, but the evidentiary showing required is less than a preponderance of the evidence.  Chuisano v. Sec'y of Health & Human Servs., No. 07-452V, 2013 WL 6234660, at *1, *13 (Fed. Cl. Spec. Mstr. Oct. 25, 2013).  The number and complexity of petitioner's post-vaccination symptoms necessitated thorough review by counsel and an expert in order to sort out which of petitioner's symptoms may have been vaccine-related.

Both of petitioner's counsel had a reasonable basis for pursuing the claim to the points that they did.  At the time Mr. Greenwood withdrew as counsel, petitioner had been experiencing extenuating personal situations that prevented her from communicating fully with counsel or retaining an expert.  See Order, filed Sept. 1, 2015.  Once petitioner's personal situation resolved, she retained Mr. Baseluos, who worked to clarify her symptoms and retain an expert.  Both counsel consulted with potential experts and withdrew at a sensibly early time when it became apparent they could not succeed.  Several status conferences were held with Ms. Harman herself during the interval when she proceeded *pro se*, and she was very insistent on a link between her problems and the vaccine.  It was important for her to be advised by a lawyer and a consulting expert, which was done by virtue of Mr. Baseluos' work on the case.  After thorough review by Mr. Baseluos and a consulting expert of issues raised by the undersigned, it became apparent that causation would be too difficult to prove.  A reasonable basis existed for the prosecution of this petition, and the undersigned will award reasonable attorneys' fees and costs.

## II.     Reasonable Attorneys' Fees and Costs

### a.  Attorneys' Fees

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1349 (Fed. Cir. 2008).  Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  Id. at 1347-58 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)).  Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings.  Id. at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service.  See Savin v. Sec'y of Health & Human Servs., 85 Fed. Cl. 313, 316-18 (Fed. Cl. 2008).  Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary."  Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434

3

(1983)).  It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done."  Id. at 1522.  Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing petitioners notice and opportunity to respond.  See Sabella v. Sec'y of Health & Human Servs., 86 Fed. Cl. 201, 209 (Fed. Cl. 2009).  A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees.  Broekelschen v. Sec'y of Health & Human Servs., 102 Fed. Cl. 719, 729 (Fed. Cl. 2011).  Just as "[t]rial court courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications." Saxton, 3 F.3d at 1521 (citing Farrar v. Sec'y of Health & Human Servs., 1992 WL 336502 at * 2-3 (Cl. Ct. Spec. Mstr. Nov. 2, 1992)).

      i.    **Hourly Rates**

### Mr. Baseluos

Petitioner requests the following hourly rates for Mr. Baseluos:

    2016: $265
    2017: $275
    Paralegal tasks: $125

Pet. Mot. at 1; See generally Pet. Mot., Supp. A, Att. 1.  The requested rates are consistent with the rates awarded to Mr. Baseluos in several other recent cases, and the undersigned finds them reasonable here.  See Brown v. Sec'y of Health and Human Servs., No. 16-605V, 2016 WL 8258521, at *1 (Fed. Cl. Dec. 20, 2016); Thompson v. Sec'y of Health & Human Servs., No. 13-005V, 2015 WL 5542520, at *1 (Fed. Cl. Aug. 11, 2015)).

### Mr. Greenwood

Petitioner requests a rate of $325 per hour for Mr. Greenwood for work performed from October 2013 to June 2016.  Pet. Interim Mot., Att. 1, at 5; see generally Pet. Interim Mot., Supp. B, Att. 3.  Mr. Greenwood has approximately 26 years of experience.  Pet. Interim Mot., Att.1, at 4.  In Garrett v. Sec'y of Health & Human Servs., No. 14-16V, 2014 WL 6237632, at *6 (Fed. Cl. Spec. Mstr. Oct. 27, 2014), the special master found that Mr. Greenwood was entitled to forum rates, and awarded him a rate of $300 per hour for work performed in 2013 and 2014.  However, the undersigned finds it reasonable to award Mr. Greenwood a rate of $325 per hour for the work performed on this case.  In Garrett, the rate of $300 per hour represented a partially negotiated rate, as petitioners noted that Mr. Greenwood's rate was reduced to $300 per hour after respondent objected to a higher hourly rate.  2014 WL 6237632, at *6.  In addition, in the time since Garrett, the undersigned set reasonable experience-based forum rate ranges in McCulloch v. Sec;y of Health & Human Servs., No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).  Pursuant to McCulloch, a reasonable 2014-2015 range for an attorney with more than 20 years of experience is $350 to $425 per hour.  Thus Mr. Greenwood's awarded forum rate in Garrett was well below a reasonable McCulloch rate, as is the requested rate here of $325 per hour.  The undersigned finds Mr. Greenwood's requested rate of $325 per hour reasonable for work performed from 2013 to 2016.

ii. **Hours**

**Mr. Baseluos**

Petitioner requests compensation for 32 hours of work performed by Mr. Baseluos and 45.10 hours of work performed by Mr. Greenwood.  Pet. Mot. at 1; Pet. Interim Mot., Att.1, at 4; Pet. Interim Mot., Supp. B, Att. 3.  Petitioner submitted sufficiently detailed billing statements for both counsel, which describes the services performed.  See generally Pet. Mot., Supp. A, Att. 1; Pet. Interim Mot., Supp. B, Att. 3.  On review of counsel's billing records, the undersigned finds the hours expended reasonable.

b. **Costs**

Like attorneys' fees, a request for reimbursement of costs must be reasonable.  Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992).  Petitioner requests $3,549.95 in attorneys' costs for Mr. Baseluos.  The requested costs primarily include the cost of Dr. Pekoe's limited review of the case (10 hours at $350 per hour).  See Pet. Mot. at 1-2; Pet. Mot., Supp. A., Att. 1, at 7; Pet. Mot., Supp. C, Att. 3.  The undersigned finds Mr. Baseluos' requested costs reasonable.

Petitioner requests $2,631.02 in attorneys' costs for Mr. Greenwood.  Pet. Interim Mot., Att. 1, at 1.  These costs consisted of $950.00 for a MedQuest[3] retainer, $1550.00 for an expert review through MedQuest, and $131.02 for medical records from Texas health Resources for invoice number 58590.  Pet. Interim Mot., Supp. B, Att. 3, at 6; Pet. Interim Mot., Supp. C, Att. 4; Supp. Documentation, filed Mar. 11, 2017.  The undersigned finds Mr. Greenwood's requested costs reasonable.

III. **Conclusion**

The undersigned awards attorneys' fees and costs as follows:

**(1) A lump sum of $11,703.45 in the form of a check jointly payable to petitioner and to petitioner's attorney, Michael Baseluos, for attorneys' fees and costs; and**

**(2) A lump sum of $17,288.52 in the form of a check payable jointly to petitioner and petitioner's former attorney, Sean Greenwood, for attorneys' fees and costs.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance herewith.[4]

---

[3] MedQuest is an organization that finds and arranges the services of medical experts.  Billing for the experts is typically done through MedQuest.

[4] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

**IT IS SO ORDERED.**

**s/ Thomas L. Gowen**
Thomas L. Gowen
Special Master